# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 664-1 | **DATE** | 11/19/2003 |
| **CASE TITLE** | UNITED STATES vs. KHALED ABDEL-LATIF DUMEISI | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motions to dismiss Count Two of superseding indictment [49-1] and for a bill of particulars on Count Two [48-1] are denied. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 20 2003 date docketed | 55 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 11/19/2003 date mailed notice | |
| CB | courtroom deputy's initials | 03 NOV 20 AM 4:23 FILED FOR DOCKETING Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 03 CR 664-1 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| KHALED ABDEL-LATIF DUMEISI, | ) | **DOCKETED** |
| | ) | |
| Defendant. | ) | NOV 2 0 2003 |

## MEMORANDUM OPINION AND ORDER

In a superseding indictment, Khaled Abdel-Latif Dumeisi ("Dumeisi") is charged with conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371 (Count One); acting as an unregistered agent of a foreign government in violation of 18 U.S.C. § 951(a) ("§ 951(a)") (Count Two); committing perjury before an officer of the Immigration and Naturalization Service in violation of 18 U.S.C. § 1621 (Count Three) and before a grand jury in violation of 18 U.S.C. § 1623 (Count Four). Dumeisi moves to dismiss Count Two as impermissibly vague and duplicitous. Alternatively, Dumeisi moves for a bill of particulars pursuant to Fed. R. Crim. P. 7(f).

## BACKGROUND

In Count Two, Dumeisi is charged with acting as an unregistered agent for the Iraqi government. The indictment alleges that he: (1) met with Iraqi intelligence officers at the Iraqi Mission to the United Nations and elsewhere; (2) collected information regarding individuals and groups ("opposition members") considered hostile to Saddam Hussein's regime; (3) printed articles in his newspaper, Al-Mahjar, to goad opposition members into identifying themselves; (4) reported to the Iraqi Intelligence Service ("IIS") the activities and locations of opposition members; (5)

1

reported to the IIS the plans and intentions of a particular opposition member; (6) provided the IIS with listings of telephone numbers called by this individual; (7) provided the IIS with the telephone numbers used by this individual; (8) attended or attempted to attend opposition member events in order to determine who was speaking, attending and what was said; and (9) produced press identification for IIS officers that falsely identified them as employees of Al Mahjar in order to facilitate their activities, including attendance at opposition member events within the United States.

## DISCUSSION

### I. Motion to Dismiss

Dumeisi moves to dismiss Count Two of the superseding indictment as impermissibly vague. Under Fed. R. Crim. P. 12(b)(3), Dumeisi faces a relatively high hurdle in challenging the facial sufficiency of the indictment. *United States v. Bates*, 96 F.3d 964, 970 (7th Cir.1996). To be sufficient, an indictment must: (1) state the elements of the offenses charged; (2) fairly inform the defendant of the charges; and (3) enable him to plead an acquittal or conviction as a bar against future prosecutions for the same offense. *United States v. Yoon*, 128 F.3d 515, 521-22 (7th Cir.1997). "Generally, an indictment is sufficient when it sets forth the offense in the words of the statute itself, as long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Hinkle*, 637 F.2d 1154, 1157 (7th Cir. 1981).

Section 951(a) provides in relevant part:

Whoever, other than a diplomatic or consular officer or attache, acts in the United States without prior notification to the Attorney General . . . shall be fined under this title or imprisoned not more than ten years, or both.

Count Two tracks the language of the statute and specifically identifies nine different ways in which Dumeisi allegedly violated the statute. Nevertheless, Dumeisi claims he needs additional

2

detail regarding these nine categories to allow him to prepare a defense. Dumeisi fails to provide any legal or factual support for his contention. To the contrary, "[i]ndictments need not exhaustively describe the facts surrounding a crime's commission nor provide lengthy explanations of the elements of the offense." *Bates*, 96 F.3d at 970. Therefore, the indictment is sufficient to withstand Dumeisi's motion to dismiss on vagueness grounds.

Alternatively, Dumeisi moves to dismiss Count Two as duplicitous. *See United States v. Marshall*, 75 F.3d 1097, 1111 (7th Cir. 1996)(duplicity is the joining of two or more offenses in a single count). Dumeisi asserts that each of the nine acts alleged in Count Two must be charged in separate counts. However, not every count which alleges more than one instance of illegal conduct is duplicitous. "An indictment charging multiple acts in the same count, each of which could be charged as a separate offense, may not be duplicitous where these acts comprise a continuing course of conduct that constitutes a single offense." *United States v. Buchmeier*, 255 F.3d 415, 421 (7th Cir. 2001). In other words, an indictment may properly include multiple factual scenarios to establish a single charged offense. *United States v. Folks*, 236 F.3d 384, 391 (7th Cir. 2001).

Although each of the nine acts may support a separate charge, Dumeisi does not dispute that the acts taken together constitute a continuing course of conduct. Indeed, he does not challenge Count One, which alleges a single conspiracy based on the same underlying conduct. Any concern regarding the possibility of a conviction without unanimous verdict may be addressed through proper jury instructions. *United States v. Hughes*, 310 F.3d 557, 561 (7th Cir. 2002). Therefore, Dumeisi's motion to dismiss Count Two must be denied.

## II. Motion for Bill of Particulars

Dumeisi moves for a bill of particulars identifying: (1) the dates of each of the nine alleged acts; (2) the IIS officers for whom he produced press passes; (3) the opposition members from whom he allegedly collected information; and (4) the newspaper articles intended to goad opposition members into identifying themselves. Under Fed. R. Crim. P. 7(f), a court may order a bill of particulars if the indictment fails to provide sufficient notice of the charges to allow the defendant to prepare for trial. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir.1981). A trial judge has discretion to grant or deny a request for a bill of particulars. *Id.* A defendant is entitled to be informed of the charges against him; he is not entitled to know the details of the government's case. *Id.*

Dumeisi does not offer legal authority supporting his request for additional information. To the contrary, "[d]efendants are not entitled to know the specific dates, times, places, and persons present at particular events." *United States v. Polichemi*, No. 94 CR 555, at *6 (N.D. Ill. Dec. 8, 1995), citing *United States v. Jayne*, No. 88 CR 481-1, 1988 WL 102138, at *1 (N.D. Ill. Sept. 7, 1988). Nor does Dumeisi claim that this information has been unavailable to him during discovery. *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991)("a bill of particulars is not required when information necessary for a defendant's defense can be obtained through some other satisfactory form"). The government has provided Dumeisi with extensive pretrial discovery, including all documentary evidence seized at his home and office, all tape recordings, a copy of the Baghdad IIS file allegedly describing his activities on behalf of the IIS, copies of the telephone listings and press passes referred to in the indictment, the name of the particular opposition member referred to in the indictment, as well as the names of the government's principal witnesses. Moreover, the court

4

specifically ordered the government to provide defense counsel with English translations and summaries of the Arabic documents and tapes in its possession, which necessarily includes the newspaper articles at issue. *See* Minute Order dated August 15, 2003. Finally, the government has filed a *Santiago* proffer detailing the actions allegedly taken by Dumeisi to gather information regarding opposition members. Based on this record, Dumeisi has failed to show need for a bill of particulars.

November 19, 2003                                ENTER:

*[signature]*
Suzanne B. Conlon
United States District Judge