Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 664 - 1 | **DATE** | 1/5/2004 |
| **CASE TITLE** | UNITED STATES vs. KHALED ABDEL-LATIF DUMEISI | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____.  Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
        ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]    Defendant's motion *in limine* to exclude papers seized in Iraq is denied as premature. SEE REVERSE FOR DETAILS.

(11)  ■  [For further detail see order on the reverse side of the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | JAN 0 6 2004 | | |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | 90 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| CB7 | courtroom deputy's initials | | date mailed notice | | |
| | | | mailing deputy initials | | |

U.S. DISTRICT COURT
CLERK
04 JAN -6 AM 3: 53
D 10

Date/time received in central Clerk's Office

(Reserved for use by the Court)

# ORDER

Defendant Khaled Dumeisi moves to exclude papers ("the Baghdad file") seized in Iraq by unknown persons, who turned them over to the Iraqi National Congress. The Federal Bureau of Investigation received the documents in June 2003. In a supplement to his motion, Dumeisi objects to additional Baghdad documents supplied by the government on December 22, 2003, just two weeks before trial. The court has not yet received the government's list of trial exhibits, so it is unclear whether all of the challenged documents will actually be offered at trial. Dumeisi has furnished the court with copies of the Baghdad file in Arabic with English translations or summaries provided by the government. Dumeisi contends that it is virtually impossible for the government to authenticate the Baghdad file. In addition, he asserts that the contents of the file are inadmissible under the co-conspirator and business records exceptions to the hearsay rule.

The government offers several persuasive reasons for deferring admissibility decisions concerning the Baghdad file until trial. Given the present situation in Iraq, the government faces enormous burdens in securing and authenticating Iraqi intelligence records. The government represents that it continues to use its best efforts to secure foundational testimony, and has submitted evidence of its efforts. It points out that distinctive characteristics in the appearance and contents of the documents, as well as the consistency of information contained in the documents with independent evidence (including Dumeisi's own admissions), establish that the Baghdad file is authentic. Among other theories, the government argues that the Baghdad file is admissible under the residual exception to the hearsay rule, Fed.R.Evid. 607. Under these circumstances, it would be premature to rule on the admissibility of the Baghdad file before trial.

Suzanne B. Conlon