# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 664 - 1 | **DATE** | 1/5/2004 |
| **CASE TITLE** | UNITED STATES vs. KHALED ABDEL-LATIF DUMEISI | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The sufficiency of the government's evidentiary proffer supporting the admissibility of co-conspirator statements is deferred until trial. SEE REVERSE FOR DETAILS.

*Suzanne B. Conlon*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 0 6 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 91 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CB | courtroom deputy's initials | 04 JAN -6 AM 3:53 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# ORDER

The government submitted an evidentiary proffer supporting the admissibility of co-conspirator statements pursuant to Fed.R.Evid. 801(d)(2)(E) and *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1987). Defendant Khaled Dumeisi contests the admissibility of proffered documentary evidence ("the Baghdad file") on foundation grounds. In addition, he argues that as a matter of law, proffered statements attributed to Iraqi intelligence officers do not fall within the co-conspirator exception to the hearsay rule.

**The Baghdad File.** The government's proffer relies on papers that unidentified persons found in Baghdad at an unknown date following the United States military occupation of Iraq. Dumeisi contests the authenticity of these documents and asserts that the government is unable to provide a foundation for their admissibility. He further contends the contents of the file are inadmissible hearsay. These issues are before the court in Dumeisi's separate motion *in limine*.

**Statements by Iraqi Officials.** Count I of the indictment alleges Dumeisi, a permanent United States resident alien, conspired with unnamed "others known and unknown" to act as an agent of the Iraqi government without notifying the Attorney General, as required by 18 U.S.C. § 951(a). Count I, ¶ 3. Dumeisi's alleged co-conspirators are unidentified, but allegations in Count I strongly suggest that his co-conspirators are unnamed Iraqi Intelligence Service ("IIS") officers. *Id.*, at ¶¶ 1(c), (d); 4-15; 17.

Dumeisi points out that § 951(a) specifically exempts diplomatic or consular officers and attachés from registering as foreign agents. Because IIS officers in the United States were all officially members of the Iraqi Mission to the United Nations, Dumeisi contends these IIS officers could not violate § 951(a). From this sound observation, Dumeisi leaps to the conclusion that IIS officers assigned to the Iraqi Mission could not conspire with him to violate § 951(a). He argues that proffered IIS officers' statements about him are therefore inadmissible.

Dumeisi's interpretation of conspiracy law is dubious. He argues that persons statutorily exempt from prosecution for a predicate offense cannot conspire with non-exempt persons to commit that offense. He cites *United States v. Mahkimetas*, 991 F.2d 379, 383 (7th Cir. 1993) ("'The elements of the crime [conspiracy] are not satisfied unless one conspires with at least one true co-conspirator'"). In *Mahkimetas*, the Seventh Circuit reiterated the well-established principle that a conspiracy cannot be formed between a single criminally-motivated person and a government undercover agent or informer who has no intention of committing an unlawful act. *Mahkimetas* is inapposite to a situation where persons exempt from prosecution for the underlying offense conspire to commit that offense and intend to accomplish an unlawful purpose through the activities of a non-exempt person. If the evidence establishes that an IIS officer was engaged in a joint venture to violate § 951(a), the admissibility of his statements in furtherance of the unlawful venture are not governed by whether he could actually be prosecuted for that offense. Dumeisi has not established as a matter of law that the proffered statements of IIS officers are inadmissible under the co-conspirator exception to the hearsay rule.

**Sufficiency of the Proffer.** Dumeisi has not shown that the government's evidentiary proffer is based in substantial part on inadmissible evidence. It would be premature to conclude that the challenged statements and papers are inadmissible before the government has a full opportunity to offer proof concerning the contours and participants of the alleged conspiracy, and to lay a foundation for specific exhibits and testimony. At trial, the court will make the appropriate determinations of authenticity, foundation, reliability, relevancy, probative value and unfair prejudice under the Federal Rules of Evidence, and may also determine whether a limiting instruction is necessary. The court will rule on the admissibility of contested aspects of the *Santiago* proffer based on the evidence presented at the point the statements or exhibits are offered. *See United States v. Hunt*, 272 F.3d 488, 494 (7th Cir. 2001) (listing the court's options for determining admissibility of *Santiago* evidence); *United States v. Doerr*, 886 F.2d 944, 967 (7th Cir. 1989) (the court has substantial discretion in determining the manner in which it decides admissibility of purported co-conspirator statements).

*Suzanne B. Conlon*